*536 The opinion of the court was delivered by
Horton, C. J.:
This was an action in the nature of ejectment by defendants in error, (plaintiffs below,) against plaintiffs in error, (defendants below.) Plaintiffs below rested their right for the recovery of the real estate in controversy, upon a sheriff’s deed executed to their grantor, Daniel B. Hadley,, upon the 12th day of November, 1880. It appears from the recitation in said deed, that the sale of the real estate was had upon a purported revival of a judgment, entered April 10, 1880.
The real question involved in the case is, whether the order of revival was void. The judgment was rendered on the 13th day of March, 1872, for the sum of $901.30, in an action then pending in the district court of Wyandotte county, wherein Alfred H. Sowers was the plaintiff, and W. F. Schwartz and George Gruble were the defendants. This judgment became dormant. On February 24, 1880, the plaintiff in said judgment filed his motion to obtain an order to revive the judgment. As the mode of reviving the judgment is the same as that of reviving an action, and therefore must be made within a year after the judgment becomes dormant, unless consent is given, and as no consent was given in this case, it is clear that the order of revivor was erroneously made on the 10th of April, 1880. (Angell v. Martin, 24 Kas. 234; Halsey v. Van Vliet, ante, p. 474.)
Was it a nullity? Sec. 428 of the code prescribes that if the order is not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons upon the party adverse to the one making the motion, and if sufficient cause be not shown against the revivor, the order shall be made. Where a notice is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and the terms of the order or *537 orders to be applied for, and if affidavits are to be used on the hearing the notice shall state that fact. (Code, § 534.}> Instead of this notice a summons in the ordinary form was-issued, notifying W. F. Schwartz and George Gruble that they had been sued by Alfred H. Sowers, and that unless-they answered by the 20th day of March, 1880, the petition of the plaintiff filed against them would be taken as true,, and judgment rendered accordingly. This summons was-personally served on George Gruble on the 26th day of February, 1880. The summons does not meet the requirements-of the notice prescribed to be served before an order of revivor of a dormant judgment can be made, and as the judgment of March 13,1872, was final in its character, the defendants therein were acquit and dismissed without day at the close of the term at which it was rendered. No farther-action could be taken in the case prejudicial to their interests-without notice to them. If the plaintiff in that- judgment desired to revive it, he must have pursued the course pointed' out by the statute. The terms of a notice for the application, of an order of revivor to be served before the order shall be-made, are-clearly set forth in the statute, and although such notice is to be served in the same manner and returned within, the same time as an ordinary summons, yet, to give the court jurisdiction, the notice must be in substantial compliance-with the statute. As the summons issued in no way complied with the statute, it cannot be said that the notice was-merely defective. A summons' was issued, but no notice. (Lyon v. Vannatta, 35 Iowa, 521; Freeman on Judg., §§72,. 117.) As the order of the revivor of the judgment was made without notice, the court acted without jurisdiction, and such revivor was wholly void. Substantially, the revivorstands as made, without notice to or consent of the parties-adverse thereto. As the order of revivor was void, the sale of the property in dispute upon the execution issued upon such order falls, and neither Daniel B. Hadley nor his grantees-acquired any right of title or possession to the premises by virtue of the' sheriff’s sale made upon the execution issued. *538 upon said void order by revivor, or upon the sheriff’s deed ■executed upon such sale. From the record, the Woods have no title under the sheriff’s deed.
The objection by defendants in error to the consideration of the ease-made, upon the ground that it was settled and -signed by Hiram Stevens after his term of office had expired, is not tenable. Sec. 549 of .the code provides: “And in all cases heretofore or hereafter tried, when the term of office of ■the trial judge shall have expired, or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in .all respects as if his term had not expired.” We perceive ■no reason for holding this section unconstitutional.
There are other questions presented for our consideration, but it seems unnecessary to notice them, in view of the conclusion we have reached.
The judgment of the district court will be reversed, and the •cause remanded with directions for a new trial in accordance with the views herein expressed.
All the Justices concurring.