ADAM M. CLAY v. E. A. HILDEBRAND *et al.*

44 481
80 532
d80 533
80 534

44 481
d82 329

JUDGMENT, *Set Aside — No Notice to Other Parties — Relief, Refused.*
Where a person, whom the plaintiff intended to make one of various
defendants in an action, procures the judgment rendered in the case
to be set aside as to him upon the ground that no sufficient service
of summons was ever made upon him, and afterward he files an answer
in the action setting up new matter and grounds for affirmative re-
lief, which would affect the rights and interests of several of the other
parties and other persons without giving such other parties or per-
sons any notice or any opportunity to appear and defend, the court
may, upon the hearing on such answer, without committing material
error, refuse to grant the relief prayed for in such answer, and in
effect dismiss this new proceeding without prejudice.

*Error from Chase District Court.*

THE opinion states the case.    Judgment against defendant
*Adam M. Clay*, who brings the case here.

*Thos. O. Kelley*, for plaintiff in error.

*C. N. Sterry*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: All the proceedings now presented for re-
view have grown out of an action commenced in the district
court of Chase county on June 4, 1884, by E. A. Hildebrand,
George O. Hildebrand and S. F. Jones, partners as Hilde-
brand Bros. & Jones, against L. W. Clay and his wife Polly
Clay, Adam M. Clay, John Walruff, John Quinn, I. G.
Thomas and his wife, Pauline Thomas, George Newman,
Henry Harris and his wife, Tabitha Harris, and Theodore
Zoellner.    In the original action the plaintiffs sought to fore-
close three separate mortgages; the defendant, Walruff, sought
to have a certain deed reformed and declared to be a mortgage
and then foreclosed; and the defendant Quinn sought to have
a certain mortgage foreclosed.    All the other defendants failed
to make any appearance in the action, and were in default.
A trial was had as between the plaintiffs and Walruff and

31 — 44 KAS.

Quinn, and their rights and priorities as between themselves were determined, and an affirmative judgment was rendered in favor of each. The case was then brought to the supreme court by L. W. Clay and wife, and the judgment of the court below as to all the parties was affirmed. (*Clay v. Hildebrand,* 34 Kas. 694.) Afterward an order of sale was issued from the district court, and a portion of the mortgaged property was sold and the sale confirmed and sheriff's deeds to the purchasers were executed. Afterward the defendant, Adam M. Clay, moved the court to set aside "the judgment heretofore rendered herein so far as the same affects the rights and interests of this defendant," for the reasons that no service of summons had ever been made upon him, and that the plaintiffs' petition did not state any cause of action as against him. It does not appear that any party or person except the plaintiffs and Adam M. Clay ever had any notice of this motion prior to its submission to the court and the action of the court thereon. The court sustained the motion, but over the objections and exceptions of Adam M. Clay permitted the plaintiffs to amend their petition; and then required the defendant, Adam M. Clay, to answer thereto, which he afterward did, and the plaintiffs replied. A trial was then had upon the said petition, answer and reply, and the court denied nearly all the relief asked for in the defendant's answer; and the defendant, as plaintiff in error, brings the case to this court for review.

The most of the facts of this case will be found stated in the case of *Clay v. Hildebrand,* 34 Kas. 696, *et seq.,* and they will not be repeated in this case except in very general terms. This case involves interests in the following town lots, to wit: Lots numbers 11, 13, 15, 17, 18, 19, 20, 22, 24, and 26, in block number 2, in Strong City; but the plaintiff in error, Adam M. Clay, claims an interest only in lots numbers 11, 13, and 15; and his interests and equities as compared with the interests and equities of the other parties and other persons, stated very briefly, are substantially as follows:

1. The plaintiffs' first mortgage, which was from Harris

and wife, the original owners, to George Collett, dated April 1, 1879, and assigned to the plaintiffs, includes all the above-mentioned lots.

2. The plaintiffs' second mortgage, which was from L. W. Clay and wife, purchasers, to Harris, dated July 6, 1880, and assigned to the plaintiffs, includes all the above-mentioned lots.

3. Deed from L. W. Clay and wife to Adam M. Clay, dated November 16, 1881, for lots numbers 11 and 13.

4. Deed from L. W. Clay and wife to John Walruff, dated March 21, 1882, for lot number 13; but in equity it was a mortgage from L. W. Clay and wife to John Walruff, dated March 21, 1882, for lot number 15.

5. Mortgage, L. W. Clay and wife to Adam M. Clay, dated April 26, 1882, for lot number 15.

6. Deed from L. W. Clay and wife to John Quinn, dated December 6, 1882, for the west half of lots numbers 18, 20, 22, 24 and 26, and a mortgage from L. W. Clay and wife to Quinn of same date for all the property mentioned in all the deeds and mortgages except that portion deeded to Quinn.

7. The plaintiffs' third mortgage, from Thomas and wife, purchasers of lots numbers 17 and 19, to L. W. Clay, dated March 27, 1883, for said lots numbers 17 and 19, and assigned to the plaintiffs.

8. June 4, 1884, this action was commenced as aforesaid.

9. July 23, 1884, judgment was rendered in favor of the plaintiffs and Walruff and Quinn, on the foregoing mortgages belonging to each respectively; and their priorities were determined as aforesaid.

10. August 2, 1884, Quinn assigned his judgment to the plaintiffs, and they released in the office of the register of deeds, but not in the office of the clerk of the district court, their first two mortgages with regard to the west half of lots numbers 18, 20, 22, 24, and 26.

11. August 7, 1884, an order of sale was issued on all the foregoing judgments, and for all the aforesaid property.

12. September 23, 1884, the sheriff after advertisement sold

the following property on the aforesaid order of sale: Lot number 11 to Dennis Rettiger, for $300; lot number 13 to E. A. Hildebrand, for $250; lot number 15 to E. A. Hildebrand for $1,200; and lots numbers 17 and 19 to B. Lantry for $1,100. None of the other property was sold.

13. About April 23, 1885, or afterward, the aforesaid sale was confirmed, and sheriff's deeds to the purchasers were ordered and executed.

14. December 8, 1885, Adam M. Clay, as above stated, moved the court to set aside the plaintiffs' judgment, possibly all the judgments so far as it or they affected any of his rights or interests.

15. December 19, 1885, Adam M. Clay's motion was sustained, but at the same time the plaintiffs were permitted to amend their petition, and Clay was required to answer to the plaintiffs' amended petition within thirty days, to which rulings as against him he duly excepted.

16. January 16, 1886, Adam M. Clay filed his answer to the aforesaid amended petition.

17. January 25, 1886, the plaintiffs replied.

18. July, 1886, the case was tried upon the aforesaid pleadings as between the plaintiffs and Adam M. Clay, and between them alone, and taken under advisement by the court.

19. July 8, 1887, the court rendered its decision, making special findings and conclusions, and rendering judgment in favor of Adam M. Clay and against L. W. Clay and wife for $964 and costs, and finding that Adam M. Clay owned lots numbers 11 and 13, and that he held a mortgage on lot number 15, but all subject to other mortgage liens; and denied any other or further relief to Adam M. Clay; and further adjudged that such judgment should not bar Adam M. Clay in any other action from asserting any rights or interests which he might have. In effect it was a dismissal of Adam M. Clay's proceeding against the plaintiffs for affirmative relief without prejudice; and this is the judgment which Adam M. Clay now seeks to have reversed.

We cannot say that the court below erred. For the pur-

poses of this case we shall assume, as the defendant, Adam M.· Clay, claims, that he was not a party to this action prior to his filing his motion on December 8, 1885, and therefore that none of his rights or interests were adjudicated. or affected by the judgments rendered in the case on June 23, 1884, or by any of the other proceedings had in the case prior to the time of his filing his motion, and therefore that his motion, appearance and answer in the case virtually instituted new proceedings. On January 16, 1886, he filed a full answer in the case in the nature of a cross-petition, setting up new matter and asking for affirmative relief, which relief if granted would affect the rights and interests of nearly all the other parties to the action; and there were a great many parties to the action, as we have already seen, and he asked for this affirmative relief although he never gave to any one of these parties, except to the plaintiffs, any notice of his proposed action, proceedings, or claims. Nor did any one of these parties, except the plaintiffs, ever have any such notice, or ever make any appearance in the case after Adam M. Clay made his said appearance. Upon this proceeding of Adam M. Clay against the plaintiffs, without any notice to any of the other parties Adam M. Clay obtained a supposed judgment against L. W. Clay and wife for $964 and costs, and that they had conveyed two lots and mortgaged one lot to him. Is this judgment of any value? They had no opportunity to set up any defense against Adam M. Clay's supposed claims. John Walruff also had interests in lot number 15, apparently paramount to the supposed mortgage interests of Adam M. Clay in the same property. Are not Walruff's rights and interests· entitled to some respect? May not he be permitted to show, if he can, that the supposed deed and mortgage from L. W. Clay and wife to Adam M. Clay are mere shams and pretenses? And may not Dennis Rettiger, the purchaser of lot number 15, be permitted to protect his interests in such lot? And may not he be permitted to show that Adam M. Clay has no honest or legal claim to any of such property? Is it possible that the proceedings in an action involving the rights and interests

of various parties and persons had before Adam M. Clay became a party to the action, may be overturned, demolished and destroyed, simply for the reason that Adam M. Clay was not given any opportunity to defend and protect his rights and interests in the action; and then may all the rights and interests of these various interested parties and persons be settled, adjudicated and determined and held for naught in their absence and without giving them any opportunity to appear, or any opportunity to defend and protect their rights and interests in the courts? Adam M. Clay might have had the other interested parties and persons brought into court by notice or summons, but it does not seem that he chose to do so. Also, the court might upon its own motion have ordered them to be brought in, but it was not bound to do so. The plaintiffs also might have asked to have them brought in, but as the plaintiffs were not then asking for any affirmative relief, they were not bound to do so. And as no party is now complaining of the action of the court below except Adam M. Clay, he must show that he did all that he could to have all necessary parties brought in before he can claim that the court below committed any material error as to him in refusing to finally determine the case without the presence of such other parties. We think that as some of the necessary parties were not in court, and had no opportunity to answer the new claims made by Adam M. Clay, the court below did not commit any error by virtually dismissing his proceedings without prejudice. If he has any rights with regard to said lots numbers 11, 13 and 15 which need any further protection, he can commence a new action, and make all the interested parties defendants.

The judgment of the court below will be affirmed.

All the Justices concurring.