## J. A. WILSON v. JAMES McCORNACK.

### (Filed Feb. 9, 1900.)

1. JUDGMENT—*Notice to Revive—Service.* Under the provisions of our Civil Code the notice of an application to revive a dormant judgment must be served in the same manner and returned within the same time as a summons.

2. SAME. Hence, the notice of an application to revive a dormant judgment, served and returned by an attorney of record, is void. Such notice must be served and returned by the sheriff, or some person duly authorized by him to make such service and return.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F. Burwell, District Judge.*

*R. G. Hays* and *J. A. Wilson,* for plaintiff in error.

*A. B. Hammer,* for defendant in error.

### STATEMENT OF THE CASE.

The record in this case shows that on October 28, 1892, Joseph McMullen obtained a judgment against James M. McCornack in the district court of Oklahoma county, upon two promissory notes for $2,418.00, and costs of the action. On October 28, 1897, said judgment became dormant. On March 16, 1898, said Joseph McMullen, plaintiff in the court below, filed the following motion to revive said judgment:

"Comes now the plaintiff, Joseph McMullen, and represents and shows to the court that heretofore, to-wit, on the 28th day of October, 1892, the above named plaintiff obtained judgment in this court against the above named

defendant, James McCornack, for the sum of $2,400.00, to bear interest at the rate of eight per cent per annum from the said date of its rendition, and the costs of said action taxed at $———, which said judgment is cited and made a part hereof.

"That said judgment remains due and wholly unpaid; that by operation of law the said judgment has become dormant.

"Plaintiff therefore moves the court that said judgment be by the order of this court revived against the defendant, and for all other proper relief in the premises.

"JOSEPH McMULLEN,
"By J. A. WILSON, His Attorney."

That on February 16, 1898, the plaintiff served upon the defendant, James M. McCornack, the following notice, (omitting caption):

"To the defendant, James M. McCornack: You will take notice that the plaintiff has filed in the office of the clerk of the above named court his motion for a revivor of a certain judgment therein referred to and cited; a copy of which motion is hereto attached; that the same will be called up for hearing on said motion on the 16th day of March, 1898, or as soon thereafter as the court can hear the same.                    J. A. WILSON,

"For Joseph McMullen."

And on the back thereof appears the affidavit of J. A. Wilson showing the manner of service of said notice, which is in words and figures as follows, to-wit:

"J. A. Wilson, being duly sworn deposes and says that he served a copy of the within notice with a copy of the motion herein, thereunto attached, on the defendant James M. McCornack, on the 22d day of February, 1898, by delivering a true copy of said notice and motion to the said defendant personally.          J. A. WILSON.

"Subscribed and sworn to before me this 25th day of February, 1898.          ED. L. DUNN, Clerk."

On March 16, 1898, the district court made the following order to revive said judgment (omitting caption):

"And now on this 16th day of March, 1898, the same being one of the regular judicial days of said court, this cause came on for hearing on the motion of the plaintiff for a revivor of this judgment, and it appearing to the court that said judgment was rendered on the 28th day of October, 1892, and that the same has become dormant by the lapse of time; and it further appearing to the court that the plaintiff has served due and legal notice of this motion for revivor upon the said defendant; and it further appearing that said judgment was rendered for the sum of $2,397.96, and to draw interest from the 28th day of October, 1892, at the rate of seven per cent per annum and that said interest accrued to this date amounts to $917.46, and that costs accrued herein amounts to $6.80:

"It is therefore, considered, ordered and adjudged by the court, that said motion to revive said judgment be sustained, and that the same is hereby in all things revived, the same as if it had not become dormant by the lapse of time. It is further adjudged that there is due on said judgment the principal sum of $2,397.96, and the further sum of $917.46, interest accrued to this date since the rendition of said judgment of $3,315.41, and that the costs accrued herein, which is a part of this judgment, is the sum of $6.80, and it is further ordered by the court that execution issue herein on the praecipe of the plaintiff.                    J. R. KEATON, Judge."

On January 3, 1899, the defendant James McCornack filed the following motion to vacate the order of revivor (omitting caption):

"Comes now the above named defendant, James McCormack, and moves the honorable court to set aside and vacate the order of revivor made on the 16th day of March 1898, for the following reasons:

"First. That no such judgment was ever rendered against this defendant as that recited in the order of revivor complained of by this defendant.

"Second. That no service of motion, process, writ, or summons, was ever made upon the defendant as required by law.

"Wherefore, the defendant asks that said order of revivor be held for naught, and that the same be vacated and set aside as void for the reasons herein recited.

A. B. HAMMER, Attorney for Plaintiff.

"Plaintiff by his attorney hereby waives time and asks that this motion be passed on by the court on this 16th day of January, 1899.          J. A. WILSON,

"Attorney for Plaintiff."

On January 16, 1899, the district court sustained said motion, for the reason that no service of motion, process, writ, or summons was ever made upon the defendant as required by law, and as alleged in the second ground of said motion. To which ruling and order of the court the plaintiff reserved an exception, and brings the case here on appeal.

Opinion of the court by

HAINER, J.: The sole question presented by the record and discussed in the briefs of counsel is the validity of the service of the notice to revive the judgment. The record discloses that the notice to revive the judgment was served upon the defendant by the attorney of record and not by the sheriff of Oklahoma county. It is contended by the plaintiff in error that service of notice made by the attorney of record on the plaintiff is a valid service, and that the statute does not require the sheriff to serve such notice and make return thereon in order to revive a judgment. The district court held that the notice

for the application to revive a dormant judgment must be served in the same manner and returned in the same time as a summons, and that such service must be made by the sheriff. We think that this is the correct interpretation of the statute.

Section 454 of our civil code provides as follows:

"If a judgment became dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

Section 442 provides:

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent notice of the application for such order shall be served in the same manner and returned within the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

Section 39 provides that:

"The summons shall be issued by the clerk, upon a written praecipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, and shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein etc."  *  *  *

Section 61 provides that:

"The summons shall be served and returned by the officer to whom it is delivered, except when issued to any other county than the one in which the action is commenced."  *  *  *

Section 63 provides:

"That the summons shall be served by the officer to whom it is directed, who shall indorse on the original writ the time and manner of service. It may also be served by any person not a party to the action, appointed by the officer to whom it is directed. The authority of

such person shall be indorsed on the writ. When the writ is served by a person appointed by the officer to whom it is directed, or when the service is made out of this Territory, the return shall be verified by oath or affirmation."

It will thus be seen from these various provisions of our civil code that summons must be served and returned by sheriff, or by some person duly authorized by him to make such service and return. We think that the language of section 442 of our code which provides that notice for the application for the revivor of a judgment shall be served in the same manner and within the same time as a summons, is mandatory in its terms. It is clear and unambiguous, and there is no room for construction.

The judgment of the district court was right, and it is therefore affirmed.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.