G. G. SHELLABARGER v. JOSEPH D. SEXSMITH.

No. 16,095.

### SYLLABUS BY THE COURT.

JURISDICTION—*Judgment by Default—New Party—Notice of Proceeding.* In a mortgage-foreclosure suit judgment was taken by default against the mortgagor, who was served personally. At the same time it appeared that a person claiming an interest in the land had been omitted, and an order was included in the foreclosure decree allowing him to be made a party. The petition was amended and he was duly served. He answered setting up a second mortgage given by the defaulting defendant, and prayed a personal judgment against him, which in due time was entered without further notice or appearance. *Held,* the defendant in default was bound to take notice of the proceedings and the judgment against him is not void.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed July 3, 1909. Reversed.

*James E. Larimer,* and *F. W. Sturges,* for the plaintiff in error.

*Edwin A. Austin,* for the defendant in error.

The opinion of the court was delivered by

BURCH, J.: In October, 1892, the New England Loan and Trust Company instituted a foreclosure suit against Sexsmith, Brown and others, upon a note and mortgage given by Sexsmith, who was served personally and who made default. Brown demurred, afterward answered, and the plaintiff replied to his answer. The cause came on for hearing on April 28, 1893, when a personal judgment was rendered for the plaintiff against Sexsmith, the plaintiff's mortgage was foreclosed, and the land was ordered sold for its satisfaction. At the same time and as a part of the same decree the following order was entered:

"It appearing upon the trial that one G. G. Shellabarger claims to have some interest in and to the above-mentioned land and premises, the plaintiff is allowed by the court to make the said G. G. Shellabarger a party defendant, and it is ordered that this cause stand continued for service as to such defendant."

The plaintiff amended the petition instanter. Shellabarger was served with summons on July 27, 1893, and by leave of court he filed an answer on September 21, 1893. Shellabarger set up a note and mortgage given by Sexsmith to Brown, which had been duly transferred, and asked for a personal judgment against Sexsmith and a second lien on the land. Sexsmith still being in default, Shellabarger took a personal judgment against him on January 12, 1894. In May, 1907, Sexsmith moved to vacate this judgment as void for want of jurisdiction, the motion was sustained, and Shellabarger prosecutes error.

In support of the ruling on the motion *Gruble v. Wood,* 27 Kan. 535, and *Clay v. Hildebrand,* 44 Kan. 481, are cited. In *Gruble v. Wood* an ordinary money judgment was rendered against Gruble and then allowed to become dormant. Afterward an effort was made to revive the judgment without consent. Instead of the statutory notice essential to such a proceeding an ordinary summons was served commanding Gruble to appear and answer the petition. An order of revivor was based on this process, execution was issued on the judgment, and Gruble's land was sold to Hadley, who conveyed to Wood. Wood brought ejectment, and Gruble contended that the order of revivor was void, that the judgment was lifeless, and that the execution proceedings were without legal effect. This contention the court sustained because the revivor statute had not been followed. The court said:

"The summons does not meet the requirements of the notice prescribed to be served before an order of revivor of a dormant judgment can be made, and as the judgment of March 13, 1872, was final in its character the defendants therein were acquit and dismissed without day at the close of the term at which it was rendered. No further action could be taken in the case prejudicial to their interests without notice to them. If the plaintiff in that judgment desired to revive it, he must have pursued the course pointed out by the statute. The terms of a notice for the application of an order of revivor to be served before the order shall be made are clearly set forth in the statute, and although such notice is to be served in the same manner and returned within the same time as an ordinary summons, yet, to give the court jurisdiction, the notice must be in substantial compliance with the statute. As the summons issued in no way complied with the statute, it can not be said that the notice was merely defective. A summons was issued, but no notice." (Page 537.)

In this case the judgment was not final in its character. The court found that Shellabarger claimed an interest in the land, and held the litigation open for the

Shellabarger v. Sexsmith.

purpose of bringing him into it and settling all issues he might present legally determinable in the action. What the final determination of the rights of the parties would be was contingent upon the character of his answer. True, the plaintiff took a judgment binding upon Sexsmith unless duly opened, but the determination of all issues which Shellabarger might raise affecting the rights of the parties to the, action, including Sexsmith, necessarily remained in abeyance.

In *Clay v. Hildebrand, supra,* an action was brought to foreclose several mortgages. The defendants were numerous. One of them sought to have a deed reformed and declared to be a mortgage, and another sought to have a mortgage foreclosed. Separate tracts of real estate were involved, several of which were owned by different persons. Clay was made a party but was not served. A comprehensive judgment was rendered on June 23, 1884, and afterward portions of the property were sold pursuant to the judgment and the sales were confirmed. With affairs in this situation Clay came in, on December 8, 1885, moved that the judgment be set aside as to him for want of service, and asked permission to answer. The motion was allowed and leave to answer was granted. On January 16, 1886, he filed an answer and asked affirmative relief which, if awarded, would have disturbed the entire judgment and would have affected the rights of almost all the parties to the action. Nobody but the plaintiff had any notice of the leave to answer or of the answer itself. The court permitted issues between Clay and the plaintiff to be framed and adjudicated, but declined to overturn the proceedings further, and except as stated virtually dismissed Clay's cross-petition without prejudice to an independent action for the same relief. This court held the conduct of the district court was not erroneous. The syllabus of the case reads:

"Where a person whom the plaintiff intended to make one of various defendants in an action procures

the judgment rendered in the case to be set aside as to him upon the ground that no sufficient service of summons was ever made upon him, and afterward he files an answer in the action setting up new matter and grounds for affirmative relief, which would affect the rights and interests of several of the other parties and other persons without giving such other parties or persons any notice or any opportunity to appear and defend, the court may, upon the hearing on such answer, without committing material error, refuse to grant the relief prayed for in such answer, and in effect dismiss this new proceeding without prejudice." (44 Kan. 481.)

It is very obvious that this decision sheds no light on the present controversy. If on June 23, 1884, while all parties were in court for all purposes, it had been found necessary to a full and complete adjudication that Clay should be brought into the case, and the court had so ordered, at the same time entering up such judgments as were then warranted, a situation similar to the one now presented would have existed. Instead of this Clay stood substantially in the position of a stranger voluntarily seeking to intervene after judgment had been entered and largely executed, and seeking by the institution of essentially original proceedings to overthrow, without notice, all that had been accomplished by the litigation. It will be observed, also, that the court did not hold that jurisdiction to entertain Clay's answer was lost on the rendition of judgment, or that original process was necessary to bring it to the attention of the defendants affected by it. But the decision is that because of the radical character and effect of the answer, the state of the case at the time it was filed, and the lack of notice to the parties interested, it was not improper to relegate Clay to an independent suit for the relief he desired.

In *Kimball and others v. Connor, Starks and others*, 3 Kan. 414, it was decided that a defendant duly served with summons is in court for every purpose connected

with the action and is bound to take notice of every step taken therein. In *Curry v. Janicke,* 48 Kan. 168, it was held that a defendant in default was bound to take notice of a cross-petition filed against him by a party admitted as a defendant after the answer-day named in the summons. In *Jones v. Standiferd,* 69 Kan. 513, an action was brought to foreclose a mechanic's lien on two quarter-sections of land. The landowners made default in September. In the following January the court ordered other lien-holders to be made parties, one of whom answered setting up a mortgage covering other land, which was duly foreclosed. It was held that the landowner was bound to take notice of this answer, the court remarking that he ought reasonably to have expected that his mortgagee would come in and assert his rights. So here, Sexsmith ought reasonably to have expected that the holder of the second mortgage would come in, or be brought in, and assert his rights, which included the right to a personal judgment against him. Even under the doctrine of *Gruble v. Wood, supra,* he could not be acquit and discharged from further note of the proceedings until the end of the term at which final judgment was rendered. Until then he was bound to give heed to every order affecting his interests. The order to make Shellabarger a party was made while he was in court for all purposes, and the order of itself kept the proceedings open for any attack which Shellabarger might make upon him in the cause.

The fact that Shellabarger was not served for more than sixty days after the order and the amendment to the petition making him a party might have some bearing on the case if the statute of limitations were involved, but it is not. This is the common case of bringing into an ordinary foreclosure suit for all pur-

poses an omitted party claiming a lien, and the doctrine of severance has no application whatever.

The judgment is reversed, and the case remanded with instructions to deny the motion.