No. 35,462

CHARLES A. SMITH, *Plaintiff*, SUSAN VIRGINIA SMITH et al., *Appellants*, v. DON A. HENRY, *Appellee*.

(124 P. 2d 448)

Opinion filed April 11, 1942.

*L. P. Brooks* and *James B. Nash,* both of Wichita, were on the briefs for appellants.

*Harold Irwin, P. K. Smith, A. M. Ebright* and *Richard Hickey,* were on the briefs for appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the district court sustaining the special appearance and motion of defendant to quash the issuance, service and return of a motion to revive a judgment.

The record discloses that on October 11, 1929, in an action in the district court of Sedgwick county, Kansas, Charles A. Smith, as plaintiff, recovered a personal judgment against Don Henry for $7,515.94. Smith kept this judgment alive by successive executions until his death, intestate, November 1, 1940, leaving as his sole heirs at law his widow, his son, and an adopted daughter, a minor. No administration was had upon his estate.

Attorneys for the heirs prepared and signed in their behalf a motion to revive the judgment and filed the same in the district court September 12, 1941. Upon the ground defendant was a nonresident of the state, counsel for the heirs, proceeding under G. S. 1935, 60-3211, caused notice of publication of the hearing on October 27, 1941, of the motion to revive the judgment. On that date an attorney appeared specially for the defendant and moved to quash the service. Counsel for the heirs, having learned defendant was a resident of the state, apparently abandoned the notice by publication and produced and filed in the court on October 27, 1941, a notice of the hearing, bearing date of September 12, 1941, which they had sent to the sheriff of Johnson county to be served person-

ally upon defendant, and upon which a deputy sheriff of Johnson county had made a return reciting he had served the same on September 27, 1941, by leaving a copy thereof at the usual place of residence of the defendant. This return was made to the attorneys for the heirs. Defendant's counsel, still appearing specially, moved to quash this notice and the service and return thereof, contending they did not conform to our statute (G. S. 1935, 60-3210). The trial court sustained that motion. The heirs have appealed.

Appellants present as "the only question involved in this appeal is whether the notice prescribed by G. S. 1935, 60-3210, is required to be signed and issued by the clerk of the court under the seal of the court."

The only decision cited to us in the brief of either counsel bearing directly upon the question of who should issue and sign the notice of the motion is *Selders v. Boyle, Executrix*, 5 Kan. App. 451, 49 Pac. 320, where the syllabus reads:

"In a proceeding to revive a dormant judgment in the name of the executor of the deceased judgment creditor, a notice properly entitled in the case, containing the matters required to be contained in a notice of an application of revivor, signed by the clerk of the court and attested by the seal of the court, and containing a command to the sheriff to serve the same upon the defendants therein named, is a sufficient notice and is sufficiently signed."

Appellants argue it was not held that the method of issuing the notice of revivor, stated and approved in that case, is exclusive, but they cite us to no case where some other method of issuing the notice is set out and approved. In *Gruble v. Wood*, 27 Kan. 535, plaintiff, who had permitted a judgment in his favor to become dormant, filed a motion to obtain an order to revive it, and instead of following the statute, now G. S. 1935, 60-3210, caused a summons in the ordinary form to be issued notifying defendants they had been sued by plaintiff and unless they answered by a day named plaintiff's petition would be taken as true and judgment rendered accordingly. This was served personally upon one of the defendants. An order of revivor made upon this summons was held to be void. In the opinion it was said:

"The summons does not meet the requirements of the notice prescribed to be served before an order of revivor of a dormant judgment can be made. . . . If the plaintiff in that judgment desired to revive it, he must have pursued the course pointed out by the statute." (p. 537.)

In *Kothman v. Skaggs*, 29 Kan. 5, a revivor was had upon an in-

tervening petition in an action in which all the successors in interest of the deceased judgment debtor were parties, and after a hearing upon that matter. Later it was contended that the revivor was not made upon motion, as authorized by statute. The court held it might be done in the equitable proceeding where all parties were before the court and their interest was being adjudicated. In *Schultz, Admx., v. Clock Co.*, 39 Kan. 334, 18 Pac. 221, it was held a justice of the peace can revive a dormant judgment rendered by him by an action brought for that purpose and commenced by summons or by the more summary method of a motion and notice as provided by statute. *Gruble v. Wood*, 27 Kan. 535, is distinguished, because in that case the summons did not contain the statutory provisions respecting a notice to revive a judgment, while in the case then before the court the contents of the summons was such as to contain everything required in a motion to revive a judgment.

Appellants cite and rely heavily on *Coal Co. v. Carey,* 65 Kan. 639, 70 Pac. 589. The case is not in point. Neither the opinion nor the briefs in that case inform us who "signed and issued" the notice of the hearing of the application to revive the judgment. It may have been signed and issued by the clerk of the court. From the opinion we learn that the application for an order to revive the judgment was filed February 12, 1900. "On the following day a notice of the filing of the motion and the time when it would be heard was delivered to the sheriff of the county." That is the regular order of procedure which would have been followed if the clerk of the court had signed and issued the notice. It was served on the defendant February 15 and fixed March 3 as the time of the hearing of the motion for an order of revival. On that date counsel for plaintiff presented in open court the motion to revive and evidence in support of it, and the order of revival was made. Defendant was not personally present, but his attorney of record was present and made no objections. Eleven days later he filed on behalf of his client a motion to set aside the order of revival made on March 3 upon the sole ground that only sixteen days' notice had been given when twenty days' should have been given. In disposing of that question the court quoted the statute, now 60-3210, and also our statutes relating generally to motions and notice of the hearing thereof, now 60-720 to 60-724, and "upon consideration of the facts" held the notice to have been sufficient. That this was regarded as a delayed collateral attack upon the order of revival, and that only

the question of the reasonableness of the time of the notice was involved, is made clear in *Manley v. Mayer*, 68 Kan. 377, 75 Pac. 550, where the case is cited and followed on that point at page 398. Here, the attack upon the notice was prompt and direct.

It is hardly accurate to say that the only thing before the court when the order appealed from was sustained was whether the statute (60-3210) required the notice of the revivor to be signed and issued by the clerk. Under our statute (60-3220), as construed in *Manley v. Mayer*, 68 Kan. 377, 395, 75 Pac. 550, the death of a party after judgment renders the judgment dormant, and under 60-3221 it may be revived in the manner prescribed for reviving actions before judgment; and the sections relating to revivor of action, particularly 60-3207 to 60-3210, are applicable to the revivor of a dormant judgment. The last of these indicates the order may be made by consent, "and if not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons." Our section relating to summons (60-2501) provides that it shall be issued by the clerk, under the seal of the court, signed by the clerk, dated the day it is issued, and directed to the sheriff; and 60-2506 provides the summons shall be served by the officer to whom it is directed, etc. In *J. A. Wilson v. James McCornack*, 10-Okla. 180, 61 Pac. 1068, where the statutes are identical with our own, the court held the procedure outlined by these statutes should be followed, the question there being whether the notice of the application to revive could be served by the attorney of record. It was held that such a service was void. The holding was followed in *Zahn v. Obert*, 60 Okla. 118, 159 Pac. 298, 301. We see no reason for holding that the authority of the attorney of record to issue and sign the notice should be any greater than his authority to serve it.

We do note the case of *Brian v. Jeffrey*, 5 Kan. App. 98, 48 Pac. 875, where it was held "the sheriff, the coroner, a constable, or any other person, including the moving party; may serve a notice of an application to revive a judgment, and by such service give the court jurisdiction to make such order of revivor." We do not find that this case has ever been cited or followed. It is not cited by counsel in this case. The court based its ruling upon the statute, now G. S. 1935, 60-720 to 60-724. We think the decision was erroneous. These sections are applicable to the great variety of motions proper in civil procedure, but G. S. 1935, 60-3210, deals with the specific question

of the serving of a notice of revivor, and under the general rule it takes precedence over a general statute which might be construed as broad enough to cover the situation.

In the case before us the situation before the court was proper to be taken into account. Here appellants had first undertaken to serve notice of revivor by publication. That is the only type of notice of which there was any record in the clerk's office. When counsel for defendant appeared specially and objected to the service, that was abandoned and a purported service, not previously shown by the record of the court, was then filed. Whether counsel for defendant had any previous notice of that is not disclosed by the record before us.

We conclude that the proper procedure under the statute is to have the notice of the application for revivor issued by the clerk as a summons would be issued and delivered to the sheriff and served as prescribed by G. S. 1935, 60-3210. We have no occasion now to determine whether certain defects of that procedure would defeat the court's jurisdiction to make an order, but when a service is not made in conformity to this procedure we decline to hold the trial court erred in quashing the service upon a prompt and direct attack.

The judgment of the court below is affirmed.

Hoch, J., not participating.