No. 35,753

JAMES H. KLEMA, *Appellee,* v. (A. L. NEUVERT et al., *Defendants*) JULIA HERBEL et al., as Heirs at Law, Etc., and REINHART HERBEL, Executor of the Last Will and Testament of Dave Herbel, Deceased, *Appellants.*

(135 P. 2d 557)

Opinion filed April 10, 1943.

*George W. Holland, C. R. Holland* and *Herbert N. Holland,* all of Russell, were on the briefs for the appellants.

*Jerry E. Driscoll* and *Harold W. McCombs,* both of Russell, were on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: We are asked to determine whether under section 60-3210, G. S. 1935, service of a notice of an application to revive a judgment is invalid unless the notice has been issued by the clerk of the court, under seal of the court. The trial court overruled defendant's motion to quash and revived the judgment. Defendants appeal.

We first consider a motion by appellee to dismiss the appeal. The record discloses that the notice of appeal was signed on July 27, 1942, copy served upon appellee on the same day, but that the original notice and proof of service were not filed with the clerk

of the district court until nineteen days later—on August 15. Appellee contends that filing of the notice of appeal must precede service of copy upon opposing parties and that departure from that order of procedure vitiates the appeal. Pertinent provisions of the statute, G. S. 1935, 60-3306, read as follows:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court . . . A copy of such notice must be personally served on all adverse parties whose rights are sought to be affected by the appeal, and who appeared and took part in the trial, or their attorneys of record."

Appeallee makes no contention that his rights have been prejudiced by the fact that the copy was served upon him prior to the filing of the notice with the clerk. He only contends that the appeal statute has not been complied with. Apparently the precise question has not been passed upon by this court. Appellee urges, however, that in other jurisdictions it has been held under similar statutes that the filing of the notice must precede service of the copy (citing 4 C. J. S. 1070, note 75, 3 C. J. 1234, note 3). We find marked conflict of authority on the question. While it may be true, as stated in 3 Am. Jur. 170, that "perhaps a majority of the jurisdictions" hold that the notice of appeal must be filed prior to or at least concurrently with service of copy on opposing counsel, many courts have held that in the absence of specific statutory requirement to the contrary the notice of appeal may be filed after the service of copy on the adverse party. (3 Am. Jur. 171.) No purpose would be served by critical examination of the various statutes upon which the cited decisions have been based. It has long been common practice in this state for counsel to secure acknowledgment of service of copy, on the original notice, and then file the notice with the clerk. Admittedly, reasons may be advanced for requiring that the filing of the notice precede the service of copy. Our statute, however, does not require that procedure, has never been so construed, and in view of the practice long followed by the bar of the state we find no reason here shown to hold that the appeal was not properly perfected.

On March 17, 1938, James Klema took personal judgment on a promissory note against Dave Herbel, a resident of Russell county. Herbel died testate on July 22, 1940, and his will was admitted to probate on August 14, 1940. Reinhart Herbel and Jacob Herbel

were named executors, and administration of the estate was pending. when the instant action was begun. On June 13, 1942, Klema filed a motion to revive the judgment, naming as defendants the two executors and the other known devisees, legatees and heirs of Dave Herbel. All but two of the defendants were residents, and personal service was made upon them. Two of the defendants were nonresidents, and service was had upon them by publication. No claim is made that any of the defendants were proper parties except as representing the estate or interested in it. The sole purpose was to revive the personal judgment as against the estate and we need therefore consider only the question of service upon the executors. Notice of hearing upon the motion to revive judgment was signed by Klema's attorney, served by the sheriff, and return made to the clerk of the court. Defendants appeared specially and filed a motion to quash the service on the ground that the provisions of G. S. 1935, 60-3210, relating to revivor of judgments, had not been complied with. The motion was overruled, revivor ordered, and this appeal followed.

Procedure for revivor of actions, prior to judgment, is provided in sections 60-3205 to 60-3218, G. S. 1935. Section 60-3221 provides that if a judgment has become dormant it may be revived in the same manner as in the case of revivor of actions before judgment. Section 60-3210, relating to notice of application for order reviving an action, reads as follows:

"If the order is made by consent of the parties, the action shall forthwith stand revived; and if not made by consent, notice of the application for such order *shall be served in the same manner and returned within the same time as a summons,* upon the party adverse to the one making the motion;" etc. (Italics supplied.)

Section 60-2501, which deals with service of summons, provides that summons shall be signed and issued by the clerk under the seal of the court and dated the day it is issued, and delivered to the sheriff, etc.

Appellee urges that section 60-3210 only provides that the notice of the application for revivor shall be *served* and *returned* in the same manner as a summons and does not require that it be *signed* and *issued* as in the case of a summons. Appellants rely principally upon the recent case of *Smith v. Henry,* 155 Kan. 283, 124 P. 2d 448, in which section 60-3210 was carefully considered. In that case the attorneys signed and delivered the notice to the sheriff—

as was done in this case—and the sheriff, after making service, returned the notice to the attorneys who later filed it with the clerk. The trial court quashed the service and we affirmed the judgment. Appellee urges that the Smith case is not controlling here for two reasons; first, that failure to have the notice signed and issued by the clerk was not the sole defect alleged in the Smith case, and second, that here we are asked to invalidate a service found good by the trial court rather than to uphold an order quashing service. Appellee quotes the concluding statement from the opinion in the Smith case, as follows: "We have no occasion now to determine whether certain defects of that procedure (section 60-3210) would defeat the court's jurisdiction to make an order, but when a service is not made in conformity to this procedure we decline to hold the trial court erred in quashing the service upon a prompt and direct attack." Conceding appellee's contention that the situations presented by the two cases are not identical, statements made in the opinion in the Smith case are none the less applicable here. It was said in the opinion:

"We see no reason for holding that the authority of the attorney of record to issue and sign the notice should be any greater than his authority to serve it. . . . We conclude that the proper procedure under the statute is to have the notice of the application for revivor to be issued by the clerk as a summons would be issued and to be delivered to the sheriff and served as prescribed by G. S. 1935, 60-3210." (pp. 286, 287.)

Prior decisions which bear upon the meaning and intent of section 60-3210 were fully discussed in the Smith case and we need not review what was there said. The construction of the statute there announced is a reasonable one. The revivor statute provides its own procedure, which must be complied with. General code provisions and decisions applicable to motions generally are therefore not necessarily applicable. Action to revive an action or judgment brings in new parties and may raise issues of great importance. Why shouldn't one who seeks the relief provided by the revivor statute observe the same procedure as in an ordinary case of summons? Although the word "issued" is not used in the statute, we think the intent was to require full compliance with the procedure prescribed in the case of summons—signing and issuance by the clerk, under seal of the court, service by the sheriff and return as provided. We conclude that failure to observe those requirements vitiated the service upon the executors.

It may be well to add another observation, in conclusion. This was an action in district court, under the revivor statute. No issue relating to allowance, disallowance or barring of the demand in the probate court, where the estate was pending, was raised or is here considered.

The judgment is reversed with direction to set aside the judgment and sustain the motion to quash the service.