NATIONAL SUPPLY CO. v. DUNN.

No. 32303.   Oct. 22, 1946.

Rehearing Denied Dec. 10, 1946.

*174 P 2d 914.*

Martin, Logan, Williams & Boesche, of Tulsa, for plaintiff in error.

T. Austin Gavin, of Tulsa, for defendant in error.

OSBORN, J. This is an appeal from an order quashing, vacating and setting aside three orders reviving dormant judgments obtained by the National Supply Company, hereinafter called plaintiff, against Muryle C. Dunn, defendant. The sole reason given by the trial court for vacating and setting aside the orders of revivor was that the notices of the motions or applications for said orders served upon the defendant by the sheriff of Tulsa county were not signed by the court clerk of Tulsa county. The notices appear in the record. They sufficiently advised defendant of the nature of the motions, the time at which they would be heard, and the court in which the hearings would be had. The only defect relied upon by the defendant is that the notices were signed by the attorneys for plaintiff and were not signed by the court clerk of Tulsa county.

Plaintiff contends that the notices were issued pursuant to the provisions of 12 O.S. 1941 § 1066; that the provisions of said statute are plain and unambiguous and do not require the signature of the court clerk to the notices, and that the holding of the trial court necessarily imports into said section language not used by the legislators, and makes an additional requirement upon the parties seeking revivor which may not reasonably be implied from the language of the statute.

Defendant cites and relies upon Smith v. Henry, 155 Kan. 283, 124 P. 2d 448, and Klema v. Neuvert, 156 Kan. 633, 135 P. 2d 557, and apparently the trial court based his conclusion upon these two cases.

12 O. S. 1941 § 1066 reads as follows:

"If the order is made for the revivor upon the death of any plaintiff in the names of his representatives or successors to whom his right has passed, or by the consent of the parties in the case

of the death of a defendant, the action shall forthwith stand revived without notice; and, if not made by consent in the case of the death of a defendant, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

12 O.S. 1941 § 1078 provides that a dormant judgment may be revived in the same manner as prescribed for reviving actions before judgment. This makes section 1066 applicable to the revivor of dormant judgments.

It is noticeable that while by section 1066, supra, the notice of the application for the order of revivor is required to be served in the same manner and returned at the same time as a summons, no requirement is made as to how it shall be issued or signed. While we have, in a number of cases, passed upon the sufficiency or insufficiency of the service of such notices, we have never before been called upon to decide the precise question involved herein. However, from a review of our decisions it appears that orders of revivor have been entered upon notices signed by the attorneys for the parties seeking the revivor as well as notices signed by the clerk.

In Wilson v. McCornack, 10 Okla. 180, 61 P. 1068, the court held the service of such notice by the attorney for the reviving party void for the reason that the same was not served and returned by the sheriff or some person duly authorized by him. In that case the notice was signed by the attorney for the party seeking revivor.

In Atlas Assurance Co. of London v. Fairchild, 171 Okla. 609, 43 P. 2d 482, we held that the failure of the attorneys for Atlas Assurance Company of London to attend the hearing and save an exception to the ruling of the trial court precluded that company from asserting in this court the invalidity of the revivor. In that case the notice was signed by the attorney for the plaintiff. In the opinion we said:

"The defendant had notice of the hearing on this motion, and before the time said hearing was had, the attorneys for the defendant filed the following objections to revivor:"

In Shefts v. Oklahoma Co., 192 Okla. 483, 137 P. 2d 589, the notice was signed by the clerk of the court, and we held that service of the notice could be made outside the state; that it was not process in the sense that it must run in the name of the state, citing Dunlap v. Bull Head Oil Co., 167 Okla. 277, 29 P. 2d 108, and that section 1066, supra, "requires only that [the notice] be 'served in the same manner and returned at the same time as a summons,' not that the same formalities precede its issuance and service."

While our statute provides that all process of every kind shall be issued by the clerks of courts upon a praecipe filed with the clerk demanding the same (12 O.S. 1941 § 28), the holding in the last-cited case that the notice is not process makes that provision of the statute inapplicable. Clearly the notice is not a writ or order for a provisional remedy, which are also required to be issued by the clerk.

12 O.S. 1941 § 1110, defines a motion:

"A motion is an application for an order, addressed to the court, or a judge in vacation, or by any party to a suit or proceeding, or one interested therein, or affected thereby."

In Van Curon v. King, 93 Okla. 1, 219 P. 337, we held that a motion to revive a cause upon the death of the defendant could be made orally in open court, there being no statutory requirement that it be in writing.

12 O.S. 1941 § 1112 states the essentials of notice of a motion where notice is required, as follows:

"Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and

the day on which it will be heard, the nature and terms of the order or orders to be applied for; and if affidavits are to be used on the hearing, the notice shall state that fact, and it shall be served a reasonable time before the hearing."

It is to be noted that section 1066, supra, does not state what information the notice of the motion to revive shall contain.

We think a fair construction of our statute and decisions is that where written notice of a motion to revive a cause is given it must contain substantially the requirements stated in section 1112, supra, and that it may be signed by either the clerk of the court in which the proceeding is pending or by the attorneys for the moving party, or by such party himself. The plain purpose of the statute is to make certain that the party against whom the order is sought is informed of the time and place of hearing and the nature of the order which the court will be requested to make, and that he have a sufficient time before the hearing to enable him to prepare to resist the motion if he so desires, and an opportunity to be present when the same is heard.

In the case of Smith v. Henry, supra, which was followed in Klema v. Neuvert, supra, the Supreme Court of Kansas held that the notice of the application to revive must be issued and signed by the clerk of the court as a summons would be issued. The only reason assigned for so holding was that the court could see "no reason for holding that the authority of the attorney of record to issue and sign the notice should be any greater than his authority to serve it".

While our statute was adopted from Kansas, the two cases cited above were decided long after its adoption, and are not in any way binding upon us. We do not consider the reason advanced by the Kansas court sufficient to justify reading into the statute a requirement which is neither expressly nor by reasonable implication contained therein.

Reversed, with instructions to overrule the motions to vacate the three orders of revivor filed by the defendant, Muryle C. Dunn, and to reinstate the orders of revivor.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.