No. 36,775

THE PEOPLES STATE BANK OF ROSSVILLE, *Appellee,* v. JOHN PARR and FLORENCE PARR, *Appellants.*

(177 P. 2d 722)

Opinion filed February 21, 1947.

*Robert T. Price,* of Topeka argued the cause, and *Marlin S. Casey* and *William M. Mills Jr.,* both of Topeka, were with him on the briefs for the appellants.

*Tinkham Veale,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from an order overruling a motion to vacate and set aside a judgment of revivor.

The facts on which the order in question was based are not in controversy and can be stated thus: On December 12, 1917, John and Florence Parr executed and delivered to the Peoples State Bank of Rossville, a certain promissory note; August 12, 1921, the bank brought suit upon the note in the district court of Shawnee county and in due time recovered a default money judgment against the Parrs; April 3, 1926, execution was issued on the judgment and returned on April 5, 1926, wholly unsatisfied; no further proceedings were had with respect to the judgment until it became dormant on April 5, 1931; February 25, 1933, the bank filed a motion to revive the dormant judgment; on the same sheet of paper, and just

below the motion, was a typewritten notice signed by the attorney for the bank, and addressed to each of the judgment debtors, reciting that a motion for revivor of the judgment had been filed and stating that it would be heard by the district court on March 18, 1933; sometime between February 25, 1933, and March 2, 1933, a copy of such motion and notice was served by the sheriff of Shawnee county upon the Parrs who failed to answer or otherwise plead to the motion and did not appear, either in person or by counsel, on the date it was set for hearing; March 18, 1933, the district court revived the judgment and since that date, if the decree of revivor was valid, it has been kept alive by successive executions.

In the spring of 1946 the bank renewed its efforts to collect the judgment. Thereafter, on June 4, 1946, the Parrs filed a motion to vacate and set aside the revivor order made on March 18, 1933. Allowance of this motion was contested and on July 29, 1946, after a full and complete hearing at which all interested parties were present, it was overruled by the district court. Subsequently, and in due time, the Parrs perfected their appeal from such ruling.

Counsel for appellants say, and we agree, "The question involved in this case is whether a notice of a motion to revive a dormant judgment, signed and issued by the attorney for the judgment creditor, is a sufficient compliance with G. S. 1935, 60-3210, so as to give the court jurisdiction to render a valid judgment of revivor."

As indicated by the question just stated section 60-3210, by virtue of another provision of our statute providing dormant judgments may be revived in the same manner as in the case of revivor of actions before judgment, relates specifically to notice of the application for an order to revive a dormant judgment. It reads:

"If the order is made by consent of the parties, the action shall forthwith stand revived; and if not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

Before turning to direct consideration of the questions raised by the appeal it is well to note that insofar as they pertain to the contents of the notice of the application for an order of revivor there must be substantial compliance with the requirements of the foregoing section of the statute in order to give the court jurisdiction to revive a dormant judgment. At page 537 of the opinion in *Gruble v. Wood,* 27 Kan. 535, it was said:

"The terms of a notice for the application of an order of revivor to be served before the order shall be made, are clearly set forth in the statute, and although such notice is to be served in the same manner and returned within the same time as an ordinary summons, yet, to give the court jurisdiction, the notice must be in substantial compliance with the statute. . . ."

Although not involved because it is conceded the instant notice was properly served and returned, it is also of interest to observe that the same rule prevails with respect to service of such a notice upon adverse parties. See *Guess v. Briggs,* 54 Kan. 32, 37 Pac. 121, where it was held:

"In order to revive an action pending in this court on a petition in error where no consent to such revivor is given, it is necessary that notice of the application shall be served on the adverse party, as required by § 428 of the code, and an order obtained without either consent or notice is a nullity." (Syl.)

Appellants' counsel contend that service of a notice of an application to revive a judgment is invalid unless the notice has been issued by the clerk of the court, under seal of the court. They insist, since it is admitted the notice in the case at bar was signed and issued by the attorney for the appellee, there was no compliance with the terms of the statute and that the rule to which we have just referred requires a reversal of the judgment.

In support of their contention they point to our opinion in *Smith v. Henry,* 155 Kan. 283, 124 P. 2d 448, where it was said:

"We conclude that the proper procedure under the statute is to have the notice of the application for revivor issued by the clerk as a summons would be issued and delivered to the sheriff and served as prescribed by G. S. 1935, 60-3210. We have no occasion now to determine whether certain defects of that procedure would defeat the court's jurisdiction to make an order, but when a service is not made in conformity to this procedure we decline to hold the trial court erred in quashing the service upon a prompt and direct attack." (p. 287.)

and direct our attention to the case of *Klema v. Herbel,* 156 Kan. 633, 135 P. 2d 557, which holds:

"G. S. 1935, 60-3210, requires that notice to adverse parties of application to revive an action or a dormant judgment be signed and issued by the clerk of the district court, under seal of the court.

"Record examined in action to revive a personal judgment for money, against the estate of the judgment debtor, deceased, and in which the notice of the application for revivor was signed and delivered to the sheriff by attorney for the judgment creditor instead of by the clerk, and held, under rule stated in paragraph two above, the trial court erred in overruling the motion to quash the service and in entering an order reviving the judgment." (Syl. ¶¶ 2, 3.)

We believe counsel's conception of the import to be placed upon the two decisions on which they rely is justified and we frankly concede the construction given the language to be found in the involved section of the statute by such decisions sustains their contention and would require a reversal of the judgment if they are to be followed.

What has just been stated, regardless of the issue specifically raised by the appeal, makes it obvious that the principal question before us is whether the two decisions last mentioned were properly decided, whether they should be adhered to or overruled.

It should now be said that we have not been and are not now satisfied with our construction of section 60-3210 as outlined in such decisions. Under those conditions we are not only willing to reexamine previous decisions and correct them if convinced we are in error, but we conceive it our duty to do so.

In the opinion in *Smith v. Henry*, supra, so far as our search discloses, all pertinent decisions dealing with the legal sufficiency of a notice of an application for an order of revivor were reviewed and it is not necessary to now repeat what was there, or in *Klema v. Herbel*, supra, said regarding them.

Nor will it serve any useful purpose to go into detail regarding our reasons for the conclusion to be presently stated. It will suffice to say our reëxamination of the statute convinces us that the construction given its provisions as indicated in *Smith v. Henry*, supra, and as finally announced in *Klema v. Herbel*, supra, was erroneous. The error as we view it came about from placing too much emphasis on the elementary rule of statutory construction that the terms of a statute dealing with a specific subject are controlling as against divergent provisions of a statute having general application and resulted in our reading into the statute something which is not to be found there, either expressly, or by inference. It follows the two decisions just mentioned must be and they are overruled.

Having abrogated the construction heretofore given to the terms of G. S. 1935, 60-3210, we now hold the fact an attorney for and in behalf of his client signs and issues the notice of an application to revive a dormant judgment does not deprive the court in which that judgment was originally rendered of jurisdiction to revive it.

The judgment is affirmed.