65   639
68   399

THE KANSAS & TEXAS COAL COMPANY v. EMERSON CAREY.

No. 12,667.   (70 Pac. 589.)

SYLLABUS BY THE COURT.

JUDGMENT—*Revivor*—*Notice.*  The notice required of an application to revive a judgment is that the judgment debtor shall be served with such notice a reasonable time before the hearing; and, upon consideration of the facts herein, where sixteen days intervened between the service of notice and the hearing of the application, it is held to have been sufficient notice.

Error from Reno district court; M. P. SIMPSON, Judge.  Opinion filed November 8, 1902.  Reversed.

C. V. Ferguson, and H. Whiteside, for plaintiff in error.

Prigg & Williams, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was a proceeding to revive a judgment rendered April 3, 1894.  On February 12, 1900, the Kansas & Texas Coal Company filed a motion in the district court for the revival of the judgment.  On the following day a notice of the filing of the motion and the time when it would be heard was delivered to the sheriff of the county, and it was served on the defendant, Carey, on the 15th day of February, 1900.  The notice stated that the motion would be heard on March 3, 1900, and was otherwise sufficient in matter and form.  On the day named the court heard the application, and, while the defendant did not appear, his attorney of record was present in court and heard the motion and the evidence which was introduced.  The court entered an order of revivor, but on the 14th day of March, 1900, the de-

fendant made a special appearance and moved to set aside the order because of insufficient notice. This motion was sustained, and the order of March 3, 1900, reviving the judgment, was set aside. The contention of the defendant, Carey, was that sufficient notice was not given him of the hearing of the application for the order. As has been seen, the notice was served on the defendant sixteen days before the order reviving the judgment was made. He contends that a notice is to be regarded as a summons, and that, as a defendant is given twenty days after the return-day of the summons in which to answer, the minimum time for notice of an application to revive is twenty days.

In the matter of revivor, section 428 of the code (Gen. Stat. 1901, § 4878) provides:

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and if not made by consent, notice of the application for such order shall be served in the same manner and returned within the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made."

Section 534 of the code (Gen. Stat. 1901, § 5011) provides that the notice of a motion shall be filed in writing and, also, what it shall contain. Section 535 provides that notices of motions may be served by officers or private persons, and on whom such notices shall be served. Section 536 provides: "The service of a notice shall be made as is required by law for the service of a summons; and when served by an officer, he shall be entitled to like fees." The code, as will be observed, does not limit or fix the time which shall intervene between the giving of notice and the hearing of the motion. It does provide that the notice

Coal Co. v. Carey.

shall be served in the same manner as a summons, that is, by delivering a copy of the same to the defendant personally, or by leaving one at his usual place of residence; and whether there may be constructive notice we need not now inquire. That provision has reference to the mode of service and not to the time of hearing. There is the further provision that the notice shall be returned within the same time as a summons, and that is required to be done at the time therein stated and within ten days from its date. That, however, is an injunction to the officer or person who makes the service, and has nothing to do with the hearing, or to the time which shall elapse between the service and the hearing. Another provision of the code does relate to the time of notice of motions, and that is section 534. In addition to specifying what the notice shall contain, it provides that "it shall be served a reasonable time before the hearing." No other limitation is prescribed in this respect, and the starting-place is the service, and not the date of the notice or the return of the one who serves it.

It is incumbent on the moving party fixing the time of hearing to name a date in his notice that will give the party notified a reasonable time after service in which to prepare for the hearing. A proceeding in revivor, however, is of such nature that a long time is not required for preparation. Here sixteen days' notice was given of the hearing at which the first order was made. In our view, that afforded not only a reasonable, but abundant, time in which to make preparation. Nothing is found in the testimony tending to show that it was insufficient. The district court, therefore, erred in setting aside the order of revivor, and its judgment to that extent will be reversed.

All the Justices concurring.