## CRITES, Adm'x. v. CITY OF MIAMI.

No. 11331—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Orders Appealable.**

An appeal may be taken from an order of the district, county, or superior court when the order involves the merits of the action or some part thereof, and by reason of said order the party is deprived of some statutory right or some meritorious defense, although the order appealed from may not be a final order.

2. **Abatement and Revival—Revivor of Action—Waiver of Notice—Vacating Order of Revivor.**

Plaintiff's administratrix filed a motion to revive a cause of action against the city within one year after the death of the plaintiff; no notice of time of hearing said motion was served, but the city attorney appeared at the hearing of said motion and made no objection to the hearing of the motion on account of want of notice, filed no objection to the order reviving the cause of action, and did not except to the order of the court reviving the action. Held, the city attorney waived the service of notice, and it was error for the court, two years thereafter, to set aside the order of revivor.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Wm. Crites against the City of Miami. Upon death of plaintiff, order reviving action in the name of Rosella Crites, administratrix. From order vacating the order of revivor, plaintiff brings error. Reversed and remanded.

A. C. Towne, for plaintiff in error.

Joe T. Dewberry and N. C. Barry, for defendant in error.

McNEILL, J. This action was commenced in the district court of Ottawa county, by Wm. Crites against the city of Miami to recover damages to certain lots caused by the city polluting a stream. Defendant filed an answer which was a general denial. The case was tried to a jury and a verdict was rendered for Wm. Crites. Thereafter Wm. Crites filed a motion for a new trial, which was granted.

In March, 1917, Wm. Crites died, and on the 3rd day of November, 1917, the plaintiff herein, Rosella Crites, the administratrix of the estate of Wm. Crites, deceased, filed a motion to revive said action in her name as administratrix. The mayor of said city, John L. Crank, accepted service of said motion and attempted to consent to the revivor of the action and indorsed on the motion the following:

"Comes now the defendant, the city of Miami, by John L. Crank, mayor, and accepts service of this motion, and consents to the revival of said action in the name of the administratrix. Nov. 3, 1917.

"The City of Miami, Defendant,
"By John L. Crank, Mayor."

On the 3rd day of November, 1917, the court made an order reviving said action in the name of Rosella Crites, as administratrix of the estate of Wm. Crites, deceased. The order recites that the city had been duly served and consented to the revivor, and further recited that the plaintiff appeared by her attorney and the city appeared by its attorney of record, and that due and legal notice of the hearing of said motion had been waived by the defendant. The court then made an order reviving the action, and no exception was taken to said order of the court by the city attorney. Thereafter, on January 4, 1918, the plaintiff filed an amended petition.

Thereafter there was a change of city attorneys, and in October, 1919, the city attorney filed a motion to vacate the order reviving the action on numerous grounds, one of which was that the city could not consent to a revivor, and the mayor had no authority to consent to such revivor.

The motion to vacate said judgment came on for hearing, and on the 1st day of November, 1919, the court set aside the order made November 3, 1917, reviving said cause of action, and for grounds of setting aside the order reviving the cause of action, stated as follows:

"The motion is by the court sustained on the ground that the mayor of the city of Miami was without power or authority to

enter the consent of the defendant, the city of Miami, to the revival of said action." ·

From said judgment, the plaintiff has appealed.

It is first contended by the defendant in error that the order of the court in setting aside and vacating the order reviving the action is not a final order, and that no appeal will lie from the same, and it cites as supporting this contention the case of Chicago, R. I. & P. R. Co. v. Forrester, 72 Oklahoma, 177 Pac. 593, wherein the court stated as follows:.

"The action of the trial court in setting aside an order of revivor for certain irregularities in procuring it was not a final determination of plaintiff administrator's right to revive, and left his motion to revive still pending."

The case as it now stands leaves the plaintiff's motion to revive still pending in the lower court and undisposed of. The plaintiff in error's right to revive, however, is subject to the limitations contained in sections 5293 and 5294, Rev. Laws 1910. It is contended by plaintiff in error that the court passed upon her motion and revived the action within one year; that she had a right to have the action revived without the consent of the defendant; that by vacating the order of revival two years thereafter, although the motion to revive is still pending and undisposed of, the plaintiff has been deprived of her right to revive her action without the consent of the defendant, and consequently has been deprived of a substantial and statutory right, and the order vacating the order of revivor is appealable and comes within the orders mentioned in subdivision 3 of section 5237, Rev. Laws 1910. Subdivision 3 of said section provides that the orders of the district, county, or superior courts which may be reviewed by the court are:

"Orders that involve the merits of the action or some part thereof."

The order vacating the order reviving the cause of action has very materially affected the rights of the plaintiff. When the order of revivor was made, it was during the year, and she had a right to have revived her cause of action without the consent of the defendant. The court has set aside that order for irregularities, and while she still has the right to have her cause of action revived. her right has been limited, unless with the consent of the defendant. While neither side has cited any decisions directly in point upon this exact question, this court has passed upon cases that are analogous: Ashley Silk Co. v. Oklahoma Fire Insurance Co., 33 Okla. 348; 125 Pac. 449; Wesley v. Diamond,

26 Okla. 170, 109 Pac. 524. In the latter case, the court stated as follows:

"Under section 6067, Comp. Laws Okla. 1909, an order that involves the merits of an action or some part thereof may be reversed, vacated, or modified by the Supreme Court before final judgment is rendered in the cause in the trial court."

In the body of the opinion, the court quoted from the case of Starbuck v. Dunklee, 10 Minn. 168 (Gil. 136), 88 Am. Dec. 68, as follows:

" 'This is an appeal from an order striking out certain portions of the defendants' answer. A preliminary motion was made to dismiss the appeal on the ground that it does not lie from an order of this character. The motion must be denied. Subdivision 3, sec. 1, p. 133, Laws 1861, gives a right of appeal "from an order involving the merits of the action or some parts thereof." The order striking out determines that certain portions of the defense set up are insufficient as stated. If what was stricken out constituted a meritorious defense and was necessary to be pleaded, then effect of the order would be to deprive the defendant of the right to put it in evidence. An order which may have this effect clearly goes to the merits of the action or some parts thereof.' "

The rule announced in 2 R. C. L. 40, is as follows:

"It has also been said that judgments and orders from which an appeal will lie are those which either terminate the action or operate to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their original condition after the expiration of the term."

By applying the same reasoning to the case at bar, the order of the trial court in vacating the order of revival goes direct to the merits of the plaintiff's right to have her cause of action revived, and has deprived her of one of the statutory grounds. We think this brings the case squarely within the provisions of subdivision 3, section 5237, Rev. Laws 1910. This holding is not contrary to the holding of Mr. Justice Rainey in the case of Chicago, R. I. & P. R. Co. v. Forrester, supra, for in that case the court did not hold that the plaintiff could not appeal from the order of the court vacating the order of revival, nor did this court say that when the order in the first instance was made within one year and the order setting aside the order of revival was made after the expiration of one year, thereby depriving the party of the right to revive the cause of action without the consent of the opposing party, the same was not an appealable order.

We will now direct our attention to the correctness of the order of the court vacating the order of revivor. The trial court vacated the

order upon one ground, to wit: that the mayor could not consent to the order of revivor. If the order of revivor were predicated upon the consent of the mayor alone, this might be a serious question; but the judgment of the court in reviving the action disclosed that it was not upon the consent of the mayor that the court revived the action, although the judgment recites that the mayor consented to the action being revived. The judgment recites that at the time and place of hearing said motion, the administratrix appearing by her attorney, and the defendant appearing by its attorney of record, said motion came on regularly for hearing and the court found that due and legal notice of the hearing of the motion had been waived by the defendant, and the court then made an order reviving the action. This order was made within one year after the death of the plaintiff, and consent to revive was not necessary.

The procedure to revive a cause of action is by motion and by giving the notice provided by section 5258, Rev. Laws 1910. The court held that the defendant had waived the giving of said notice. If this was true, the consent of the mayor was immaterial. The notice provided by said section is to enable the opposing party to be present when the motion is heard and to be given an opportunity to make objections to the order of revivor; but where the party appears by its attorney and the motion is taken up and the attorney makes no objection to the hearing of said motion for the reason no notice has been given and asks for no time in which to file objections, and the court, after hearing the motion, makes the order reviving the cause of action and the attorney takes no exception to the order of the court, this is certainly a waiver of the notice provided by said statute. The rule upon this question announced in 1 Cyc. 110, is as follows:

"But appearance without questioning the want of notice is a waiver of such notice."

The appearance without notice, although not under the same facts, but under circumstances that may be considered analogous, is discussed by this court in the case of Pioneer Tel. and Tel. Co. v. Davis, 28 Okla. 783, 116 Pac. 432, and it is likewise discussed by the Supreme Courts of Nebraska and Missouri in the following cases: Schaberg's Estate v. McDonald (Neb.) 83 N. W. 737; Crawford v. Chicago, R. I. & P. R. Co. (Mo.) 66 S. W. 350.

We are, therefore, of the opinion that when the city attorney appeared at the time of hearing the motion to revive, filed no objection to the revivor, and asked for no time to

file objections nor objected to the court hearing the motion at that time, the notice provided by statute was waived, and that failing to except to the order of revivor waived any irregularities therein, and that the court erred in vacating the order of revivor.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, JOHNSON, HIGGINS, BAILEY, and COLLIER, JJ., concur.