**VAN CURON v. KING, Ex'r, et al.**

No. 14239—Opinion Filed Oct. 16, 1923.

**1. Pleading—Motions—Oral Motions.**

The statutes of Oklahoma do not require a motion in open court to be in writing; and in the absence of a rule of court so requiring, same may be made orally.

**2. Abatement and Revival — Waiver of Notice—Estoppel to Deny Waiver.**

Consent or notice under section 831, Compiled Oklahoma Statutes 1921, is necessary to jurisdiction in making an order of revivor. Such notice may be waived by the conduct and knowledge of the attorney for the party against whom revivor is sought. Record examined, and held, that defendant is estopped to deny waiver of such notice.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by S. L. Van Curon against I. M. King, executor of the estate of Mrs. M. L. Walsh et al. Judgment for defendants, dismissing the cause, and plaintiff appealed. Reversed.

W. F. Schulte, for plaintiff in error.

King & Crawford for defendants in error.

Opinion by ESTES, C. Parties appear here in the same order as in the trial court and will be referred to accordingly. In 1917, plaintiff sued Mrs. M. L. Walsh in the district court of Pontotoc county to foreclose mechanics' lien on certain real estate belonging to her. During the same year she filed her answer and thereafter, on her application, her tenants of the property were made parties defendant. Thereupon, she filed amended answer and cross-petition against her tenants. They answered the petition of plaintiff and the cross-petition of Mrs. Walsh. Before trial on the merits, and in June, 1920, Mrs. Walsh died, and I. M. King was appointed executor of

her estate, and on September 22, 1920, in open court, and under circumstances hereinafter shown, the following entry was made on the court clerk's minutes in this cause: "Death of defendant suggested. Ent. order revivor." In July, 1921, I. M. King, executor of the estate of Mrs. Walsh and also attorney pro se, by special appearance filed motion to dismiss on the ground that more than one year had elapsed since plaintiff could have said cause revived and that no motion had been filed and notice served on him as executor. Plaintiff filed written objection to such dismissal and the court, on January 16, 1922, heard evidence on that issue. The evidence shows, among other things, that just before the year had expired, Mr. Schulte, attorney for plaintiff, attempted to serve written notice for revivor on Mr. King, but due to the absence of the latter, was unable to do so. It was claimed that Mr. King had waived written notice and consented to the alleged revivor already made. Mr. King contended that he did not waive any rights he had, on account of representing minors, and did not make an appearance at the time said former order was made. However, he testified as follows:

"Q. You remember whether you were present when the notice of death was given in open court? A. I think I was present when the notice—when death was suggested to the court. * * * Q. Did you agree that this matter could be taken up orally and you would not make any objection to it? A. Nothing said about orally. I told Mr. Schulte in person I had no objection; but I was going to require that he comply with the statute; that I represented some orphan children. I was executor and was going to require him to comply with the statute."

Among others, the court made these findings:

"The record shows that about two months after the death of this defendant, there

was an order in open court of revivor, seems to have been based on an oral motion and without notice. Now, the fact that Mr. King did not object and did not except would have no legal effect; the fact that he was present in court would have no legal effect. * * * If that order of revivor that appears on the minutes was properly made, then it stands and the cause stands revived, and the only question in that is,—whether or not the court has authority on oral motion to make an order of revivor."

The court then asked counsel to look into the question: "Whether or not an oral motion gives the court jurisdiction to make an order of revivor when no notice has been given," and stated: "You might look that up whether or not the fact he was here and listening was an appearance."

At this hearing, the plaintiff asked permission to file amended petition and the same was refused and exceptions saved. The court clerk's minutes of March 20, 1922, show the following: "Ent. order revivor allowed by amended pleading and cause set for trial April 3, 1922." On written motion of plaintiff on the next day, journal entry of such order was filed, showing that the real estate sought to be subjected to the payment of alleged lien of plaintiff, had been transferred to Sallye Oliver and Lucinda Oliver, and granted leave to plaintiff to file amended petition against them and ordered that the action proceed thereafter against them as successors in interest of deceased, Mrs. Walsh. Such amended petition was so filed. The court clerk's minutes, under date of March 27, 1922, shows: "Ent. order setting entire order of revivor aside. Plaintiff excepts."

Record recites that on October 13, 1922, there came on for hearing motion to dismiss and the court made the following order:

"The court finds no agreement between the parties, or their attorneys, with reference to revivor of this cause, and same was revived within twelve months after the death, and the court lost jurisdiction, and therefore the action is dismissed."

Plaintiff excepted and filed motion to vacate said order and for new trial, which being overruled, appeal was duly made to this court. Plaintiff contends that revivor of September 22, 1920, was valid, and also that the second order of revivor against the Olivers, as successors in interest of Mrs. Walsh, was also valid, and that therefore the court erred in dismissing the cause.

1. The first order of revivor made on September 22, 1920, is valid. Section 853, Comp. Stat. 1921, provides: "A motion is

an application for an order, addressed to the court, or a judge in vacation," etc. Thus, our statute does not require a motion to be in writing. We think it is well settled that in the absence of statutory provisions or rules of the court requiring it, a motion need not be reduced to writing, but may be made orally in open court. 28 Cyc. 6. It is, of course, better practice for all motions, such as the one in controversy, to be reduced to writing. Section 859, Id., provides:

"Every direction of a court or judge made, or entered in writing, and not included in a judgment, is an order," Foreman v. Riley, 88 Okla. 75, 211 Pac. 495.

Under our liberal practice it is very usual and practicable, if not necessary, on oral motions, for the court to make orders, same being evidenced by the court clerk's minutes. Section 831, Id., relating to notice for revivor, provides:

"If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice for the application for such order shall be served," etc.

Thus, either consent or notice is essential for the making of the order.

2. The order of revivor must be granted as a matter of right, not being dependent on the discretion of the court or of the judge thereof. Kilgore v. Yarnell, 24 Okla. 525, 103 Pac. 699. In practice, a revivor is usually a matter pro forma. Since Mr. King admits he was present and heard the suggestion of death made in open court, he being both executor and attorney pro se in the matter, and made no objection and took no exception to the making of the order of revivor, he waived the notice provided by the statute and by his said conduct is estopped to deny such waiver. In Federal Life Ins. Co. v. Whitehead, 73 Oklahoma, 174 Pac. 790 it is said:

"Waiver is the surrender or relinquishment of an existing right. * * * Or waiver may be effected by the omission or failure of a party to assert in his behalf an existing right, which must be preceded by notice. The law enjoins upon all men the necessity to talk when they should talk, or they will not be heard to talk when they want to talk, and here the doctrine of estoppel arises."

While the foregoing was said with reference to agency, we think a fortiori, it is applicable to an attorney under these circumstances. Mr. King may have intended at the time said order was made to require written notice to be served upon him and

with good intentions no doubt, he contended later that he had not appeared. We think as a matter of law he did appear to the motion to revive. It is not intended to hold that mere physical presence of a party or his attorney in the court room during the trial, without participation, constitutes an appearance. Mr. King was bound, in law, to know this informal matter of revivor was being taken up by the court the very moment he heard the death of his client suggested in open court, and since said attorney was present and the court announced the revivor in such manner that the clerk heard it and recorded it, we must presume that the attorney was given the opportunity to object to the order, if he so desired. The court's dismissal herein was on the finding that there was no agreement between the parties or their attorneys with reference to the revivor. It is true there was no such agreement but there was a waiver of the notice required by the statute, and thereby appearance made.

In Crites v. City of Miami, 80 Okla. 50, 193 Pac. 984, this court, speaking through Mr. Justice McNeill, said:

"The procedure to revive a cause of action is by motion and by giving the notice provided by section 5288, Rev. L. 1910. The court held that the defendant had waived the giving of said notice. If this was true, the consent of the mayor was immaterial. The notice provided by said section is to enable the opposing party to be present when the motion is heard and to be given an opportunity to make objections to the order of revivor, but where the party appears by its attorney, and the motion is taken up, and the attorney makes no objection to the hearing of said motion for the reason no notice has been given, and asks for no time in which to file objections, and the court, after hearing the motion, makes the order reviving the cause of action, and the attorney takes no exception to the order of the court, this is certainly a waiver of the notice provided by the said statute."

Since the first said order of revivor is valid it is unnecessary to consider the other contention of plaintiff as to the second order of revivor under other sections of our statutes and decisions of the court as contended for by plaintiff.

The judgment of the lower court dismissing the cause is reversed, with direction that the cause proceed in accordance with law.

By the Court: It is so ordered.