DAVIDSON v. WHITFIELD.

99 P. 2d 156.

Nos. 29242, 28607.   Feb. 13, 1940.

R. A. Howard and Stephen A. George, both of Ardmore, for plaintiff in error.

Sigler & Jackson, of Ardmore, for defendant in error.

DANNER, J. The plaintiff in error, who was the plaintiff below, appeals from adverse judgments in her actions against the defendant in error to quiet title to real estate and for injunctive relief. By agreement both cases are consolidated for consideration here.

The facts disclose that Jack Johnson, father of the plaintiff, and the owner of the land involved, executed a mortgage on the land to Berwyn Mercantile Company for $558 on the 4th day of November, 1921. Thereafter the indebtedness secured by the mortgage was transferred to the First National Bank of Berwyn, and the bank, on September 22, 1923, commenced foreclosure proceedings against the maker of the note and mortgage, and others, securing personal service of summons on the defendant, Jack Johnson.

Johnson died on May 24, 1924, leaving a will which was probated, and H. W. Elston was appointed executor. Under the will the plaintiff was devised the land in controversy. In the same year that her father died, the plaintiff moved upon the land given to her under the will, and resided there continuously to the time of the trial of the present case. Decree of foreclosure was entered on November 7, 1924, in which it is recited that the action against the defendant, Jack Johnson, had been revived in the name of H. W. Elston, executor. Later the land was sold in the foreclosure case, the sale confirmed, and sheriff's deed issued to the purchaser, First National Bank of Berwyn, on the 14th day of July, 1925. No appeal was taken in the foreclosure action, and the judgment entered therein became final.

Subsequently, the bank was taken over by the Comptroller of the Currency for liquidation and Glen E. Leslie was named receiver. On August 2, 1934, pursuant to authority from the Comptroller, and on the publication of notice, the receiver sold certain assets of the defunct bank, including the property here, to the defendant. The sale was later confirmed by the United States District Court for the Eastern District of Oklahoma, and a deed to the property, with the defendant as grantee, was executed by the receiver.

Thereafter, the defendant, Mrs. Pat Whitfield, recovered a judgment of a court of justice of the peace in an action in forcible entry and detainer against Willie Davidson, husband of the plaintiff here, for possession of the land in controversy. That judgment, likewise, is final.

The plaintiff argues that the judgment entered in the foreclosure suit, and all proceedings thereafter had, insofar as the real estate in issue is concerned, are void for insufficiency of revivor proceedings. It is shown that on October 28, 1924, a written stipulation was signed by attorneys for the First National Bank of Berwyn, plaintiff in the foreclosure case, and for H. W. Elston, executor of the estate of Jack Johnson, deceased (who was personally served with summons in the action) in which it was agreed that the action might be revived and future proceedings had, in the name of the executor. The stipulation was filed in the office of the court clerk on November 8, 1924—the day following the date of the judgment; which judgment recites the revival. It is contended, additionally, that the record does not show the order for revivor provided for in section 576, O. S. 1931, 12 Okla. St. Ann. § 1064, which reads:

"The revivor shall be by an order of the court, if made in term, or by a judge thereof, if in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them. (R. L. 1910, § 5286.)"

In view of the record here, it is obvious that the court had jurisdiction of the parties and of the subject matter of the lawsuit. In this situation the general rule is that failure to revive after death of a party does not render void a judgment subsequently entered in the case. Willis et al. v. Aetna Life Ins. Co., 185 Okla. 647, 95 P. 2d 608; Helms, Adm'r, v. Bulington, 180 Okla. 390, 70 P. 2d 65.

We believe that the record shows a substantial compliance with the statutes. Additionally, the present action, commenced 13 years after the date of the judgment, constitutes a collateral attack upon a judgment valid on its face. In the circumstances we conclude that the point presented may not be sustained. Adams v. Carson et al., 165 Okla. 161, 25 P. 2d 653.

The plaintiff next complains of the sufficiency of the receiver's deed; assert-ing that such conveyance was executed without previous order of the federal court having jurisdiction over the sale of the assets of the insolvent First National Bank of Berwyn; and, further, that the court erred in admitting in evidence the petition for approval of sale and order approving sale offered by the defendant in support of the receiver's deed.

In view of our conclusion upon the first proposition herein discussed, we are not certain that it is necessary for us to consider the present question. Ordinarily, a person having no interest in the title to real estate may not maintain a suit to quiet title to such property. Moore v. Barker, 186 Okla. 312, 97 P. 2d 776, and cases cited therein. We are persuaded that the foreclosure judgment against the executor, H. W. Elston, is binding on the plaintiff here. Bailey et al. v. Wood, 183 Okla. 450, 83 P. 2d 180.

We have, nevertheless, given consideration to the point raised by the plaintiff and conclude that the contention cannot be sustained. It is shown that the receiver had authority from the Comptroller of the Currency to dispose of the bank's assets; the sale was reported to the Federal District Court by petition of the receiver in which he asked for approval of the sale and for an order, which was entered, confirming the sale. On this record the deed was issued in October, 1934, nearly four years before the commencement of the present action. Appropriate here is the rule stated in 53 C. J. 216, sections 352, 353:

"In general, confirmation of a receiver's sale by the court having charge of the receivership cures all defects and irregularities in the sale and in the proceedings preliminary thereto except such as are founded on fraud or want of jurisdiction, and renders the sale final and binding. Confirmation over an objection renders the matter res judicata as to the objecting party.

"Even though a receiver has made a sale of property of the estate without first procuring authority from the court so to do, confirmation of such sale by the court will ordinarily be regarded as tantamount to a previous authorization or direction. It has been held, however, that

where timely objection is made to a sale on the ground that the receiver had no authority to make it and that it is accordingly void, and order of confirmation made over such objection cannot take the place or answer the purpose of proper authorization or direction in advance."

Ordinarily, the court's decree confirming all that the receiver has done is equivalent to a previous direction. Richards v. Halliday et al., 112 F. 86, 50 C. C. A. 133; First National Bank of Tulsa et al. v. Colonial Trust Co. et al., 66 Okla. 106, 167 P. 985; Armstrong v. Woolley, 89 F. 2d 295; Whelan v. Blankenbeckler, 87 F. 2d 81.

The provisions of the National Banking Act providing for the disposition of assets of an insolvent national bank are entitled to liberal interpretation to promote the speedy winding up of the affairs of the bank. Korbly, Receiver, v. Springfield Institution for Savings et al., 245 U. S. 330, 62 L. Ed. 326; In re Bank of San Pedro (Cal.) 37 P. 2d 80. An examination of authorities on the point submitted by the plaintiff show that in practically every case there was an absence of an order approving the sale. The cases relied upon are not fairly in point.

Finally, the plaintiff complains of the reception in evidence of uncertified copies of the receiver's petition for the approval of the sale of the insolvent's property, and the court's order confirming the sale. On this point, on the trial, the following colloquy took place between the court and counsel for the plaintiff:

By the Court:

"Now, then, Mr. Howard, do you object to this instrument for the reason that it is not certified?"

By Mr. Howard, of counsel for plaintiff:

"No, not that."

By the Court:

"Do you admit that this instrument or these exhibits are true copies of the instruments appearing in the United States District Court for the Eastern District of Oklahoma?"

By Mr. Howard, of counsel for plaintiff:

"Yes, I assume that they were made over there."

By Mr. Sigler, of counsel for defendant:

"I asked Mr. Howard if it was going to be necessary to send them over there and have them certified to. He said there would be no necessity."

By Mr. Howard, of counsel for plaintiff:

"That is right. But I want in every objection that that conferred no authority on the receiver to make the deed, and the court had no right to make the order approving the sale, and for the further reason that it is not shown that the land was ever advertised according to law, and it is wholly incompetent, irrelevant and immaterial."

By Mr. George, of counsel for plaintiff:

"I think you had better add this further objection, that the purported deed of Glen E. Leslie, receiver of the First National Bank of Berwyn, Oklahoma, conveyed no title to the grantee named for the further and additional reason that he was wholly without authority at law to sell the property for the reason that no prior order of a court of competent jurisdiction was obtained, setting out the terms and conditions upon which the sale should be made, as required by federal statute, and that the prior order was necessary and that the proceedings show upon its face that no such order was made."

By the Court:

"Let me get one question out of the way. Do you admit that the instruments appearing as copies to the answer and cross-petition of the defendant Mrs. Pat Whitfield are true copies of the instrument they purport to represent?"

By Mr. Howard, of counsel for plaintiff:

"Yes, we agree to that."

By the Court:

"All right, I want to get that out of the way, then I will overrule your objection to the admissibility of those in evidence at this time."

It appears from the foregoing that whatever criticism there may have been to the introduction in evidence of copies of the records was waived by the plaintiff. From an examination of the whole record we are convinced that no substantial error occurred in the trial of the cause. The judgments are, therefore, affirmed.

WELCH, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.