SHEFTS v. OKLAHOMA CO. et al.

No. 30982.   May 18, 1943.

137 P. 2d 589.

J. Harry Swan, of Okmulgee, for plaintiff in error.

A. D. Cochran, John L. Norman, and Kenneth H. Lott, all of Okmulgee, for defendants in error.

HURST, J. This is an appeal from an order reviving two dormant judgments.

On January 30, 1932, two money judgments were rendered by default against Irving Shefts in the superior court of Seminole county, one in favor of the Oklahoma Company et al., the plaintiffs in the cause, and one in favor of a cross-petitioner. The judgments were kept alive by the issuance of executions until December 21, 1941, when they became dormant for failure to issue execution within five years after issuance of the last execution. On January 20, 1942, motions were filed to revive both judgments, and on that day notices of hearing the motions were issued by the court clerk notifying Shefts that they would be presented and heard on January 29, 1942. The notices were personally served on Shefts by the sheriff of Bexar county, Tex., on January 27, 1942, and proof of the service was duly made by affidavit. On January 29, 1942, the motions came on for hearing and Shefts appeared in person and filed a motion to quash the service of the notice of the motion to revive because it was not issued, served, or returned according to law. On the same day Shefts also filed an objection to the revivor on the ground that the court was without jurisdiction to enter the original judgments because he had not been served with summons in said cause. The court overruled both motions, and entered an order reviving the judgments. Shefts appeals.

1. Shefts first argues that the court committed error in overruling the special appearance and motion to quash the service of notice of revivor. He argues (a) that a proceeding to revive a judgment is one in personam and that notice thereof must be served upon the judgment debtor within the state, and that service thereof in another state does not confer jurisdiction upon the court to enter the order of revivor, (b) that the time allowed for answer was insufficient, (c) that service of the notice outside the state can only be made by publication, and (d) that no affidavit was filed giving the clerk the right to issue the notice.

a. Shefts cites no authority supporting his contention that a proceeding to revive a judgment is one in personam, and we know of none. The return of the sheriff recites, and the court found, in the judgments rendered January 30, 1932, that the summons was personally served upon Shefts, thus conferring upon the court jurisdiction over the person of Shefts. And, of course, this jurisdiction was not defeated by the establishment of a residence in Texas. 15 C. J. 824; 21 C. J. S. 144. The proceeding to revive a judgment by motion and notice, authorized by 12 O. S. 1941 §§ 1063-1079, is a special statutory proceeding, and is "not an original proceeding, but a mere continuation of a former suit, or, in other words, it is merely a supplementary remedy to aid in the recovery of the debt evidenced by the original judgment." 34 C. J. 670. The mere dormancy of a judgment does not operate to destroy the judgment, but it still remains as a subsisting debt of the judgment debtor. However, it cannot ordinarily be enforced by execution until it is revived. During the period of dormancy, and until the time expires for its revival, "it only sleepeth". Chaloupka v. Martin, 179 Iowa, 1173, 162 N. W. 567; 34 C. J. 658; 15 R. C. L. 835; 31 Am. Jur. 58. We conclude that the proceeding to revive the judgment is not one in personam, and that service of the notice thereof could be made outside the state.

b. 12 O. S. 1941 § 1066 requires that the notice "shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion." Shefts contends that under this provision it was necessary that he have 60 days after service of the notice upon him before the motion could be heard. He relies upon 12 O. S. 1941 § 170, which has to do with the time for answer in cases of service by publication. Our attention is called to no case by this court dealing with this question. However, in Kansas & Texas Coal Co. v. Carey, 65 Kan. 639, 70 P. 589, it was held that section 1066, above, relates only to the "mode of service and not to the time of hearing." We think this is a proper construction of the language used. It is sufficient that the notice of hearing the motion be served a reasonable time before the hearing. 12 O. S. 1941 § 112. And what is a reasonable time must depend upon the circumstances of each case. It is true that two days was a very short period of time for Shefts to come from Texas to attend the hearing, but he attended in person and was represented by counsel. He asked no continuance and did not suggest that he was not prepared to resist the motion. His only objection, as shown by the record before us, was a technical one by special appearance and motion to quash. We think this objection to the order of revivor is without substantial merit.

c. Shefts cites no authority in support of his contentions that notice by publication is the exclusive method of giving notice to nonresidents in revivor actions. As we have seen, the statute provides that the notice shall be served in the same manner as a summons. By 12 O. S. 1941 § 175 it is provided that a summons may be personally served outside the state in any case where service might be made by publication. It follows, therefore, that while 12 O. S. 1941 §1067 authorizes the notice of the revivor proceeding to be given by publication, such method is not exclusive, and the service of the notice by the sheriff of Bexar county was proper.

d. In support of his contention that the notice of hearing the motion of revivor could not be issued to be personally served until affidavit as in publication service was filed, Shefts cites First State Bank v. Lattimer, 48 Okla. 104, 149 P. 1099. That case simply holds that a summons cannot issue to be personally served outside the state until the affidavit is filed as in case of notice by publication, and follows a construction that had been placed upon a statute identical with 12 O. S. 1941 § 175 by the Kansas court. By such service the court acquires jurisdiction of the res. Here, as we have pointed out, the court secured jurisdiction of the person of

Shefts by the summons, which the court in the judgments found had been personally served on Shefts. The purpose of the notice of revivor is to give the judgment debtor an opportunity to appear and show cause why the order of revivor should not be entered. Crites v. City of Miami, 80 Okla. 50, 193 P. 984. We have held that it is not process in the sense that it must run in the name of the state (Dunlap v. Bull Head Oil Co., 167 Okla. 277, 29 P. 2d 108) and that service may be waived by the attorney for the judgment debtor. Helms v. Bullington, 180 Okla. 390, 70 P. 2d 65; Van Curon v. King, 93 Okla. 1, 219 P. 337. Section 1066, above, requires only that it be "served in the same manner and returned at the same time as a summons," not that the same formalities precede its issuance and service. Since the notice was not served by publication, it was not necessary that the affidavit to obtain service by publication be filed as required by 12 O. S. 1941 § 1067. It follows that it was not necessary that the affidavit be filed as contended.

We conclude that reversible error was not committed in overruling the motion to quash service of the notice for any of the reasons urged.

2. The next question is whether the court should have refused to enter an order of revivor because the court was without jurisdiction to enter the original judgments because of lack of service of summons on Shefts.

A collateral attack on a judgment is "an attempt to avoid, defeat or evade it, or deny its force and effect in some incidental proceeding not provided by law for the express purpose of attacking it." Continental Gin Co. v. De Bord, 34 Okla. 66, 123 P. 159. Our statute does not prescribe the defenses that may be made in a proceeding to revive a judgment, but simply says that "if sufficient cause be not shown to the contrary the order shall be made." Section 1067. The general rule is that the only defenses that can be made in such a proceeding filed in due time (Jones v. Nye, 56 Okla. 578, 156 P. 332, L. R.

A. 1916E, 735) are the nonexistence of the judgment, payment or satisfaction of the judgment, or invalidity of the judgment appearing on the face of the judgment roll. 34 C. J. 663, 664; Bank of Eau Claire v. Reed, 232 Ill. 238, 83 N. E. 820, 122 Am. St. Rep. 66. We do not believe section 1067 enlarges this general rule. Therefore, the attack made in the instant case upon the original judgment is collateral. See, also, 15 R. C. L. 835; Am. Jur. 60, 209; Sharon v. Terry, 36 Fed. 337, 1 L. R. A. 572. Under our decisions a judgment is not void for want of jurisdiction so as to be subject to collateral attack unless the invalidity appears upon the face of the judgment roll. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Yahola Oil Co. v. Causey, 181 Okla. 129, 72 P. 2d 817; May v. Casker, 188 Okla. 448, 110 P. 2d 287. And it seems to be generally held that in a proceeding to revive a judgment the judgment cannot be attacked on jurisdictional grounds unless want of jurisdiction appears upon the face of the judgment roll. 31 Am. Jur. 60, § 389; 34 C. J. 663, § 1019; Haupt v. Simington, 27 Mont. 480, 71 P. 672, 94 Am. St. Rep. 839; Bank of Eau Claire v. Reed, above.

Since the invalidity of the judgments here sought to be impeached does not appear on the face of the judgment roll, they were not subject to collateral attack, and the court did not commit error in entering the order of revivor.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.