### HOLDEN v. BARRINGER.

No. 31299. Jan. 18, 1944.

*144 P. 2d 964.*

Sigler & Jackson, of Ardmore, for plaintiff in error.

R. A. Howard, of Ardmore, for defendant in error.

HURST, J. At his death on July 22, 1941, C. T. Barringer was the owner of a valid judgment against J. C. Holden. On March 31, 1942, Jeanette Barringer moved to revive the judgment in her name, suggesting the death of C. T. Barringer and alleging that as the sole legatee under his will, which had been duly probated, she had succeeded to his interest in the judgment. The court, on the same day, entered an order reviving the judgment in her name. On July 20, 1942, an execution was issued on the judgment. On July 25, 1942, Jeanette Barringer caused the judgment to be assessed for intangible taxes and paid the amount of tax due. On the same day she filed a motion to require Holden to disclose his assets and the court thereupon ordered him to appear and answer questions concerning his property. On July 27, 1942, Holden moved to vacate the order of revivor and to recall the execution on the ground that at the time of the entry of the order and the issuance of the execution the intangible taxes on the judgment were unpaid. When the motion came on to be heard the parties stipulated to the above facts, and the court thereupon entered an order overruling the motion. From such order Holden prosecutes this appeal.

Appellant contends that under 68 O. S. 1941 § 1515 the court was without jurisdiction to enter the order of revivor in the absence of allegation and proof of payment of the intangible tax on said judgment, and that the order was made without jurisdiction and is, therefore, void. But a motion to revive a judgment in the name of an heir is not an "action or suit in any court for the collection" of the judgment, as those terms are used in said statute. It is simply a special statutory proceeding to give life to a judgment which has become dormant upon the death of the judgment creditor. See Shefts v. Oklahoma Co., 192 Okla. 483, 137 P. 2d 589. Such a proceeding is not, therefore, within the purview of section 1515, above.

Under this view it is unnecessary to decide whether, as argued by the appellee herein, the subsequent payment of the tax was a good defense to the motion to vacate the order.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. CORN, C. J., and DAVISON, J., absent.