## RICHARDSON v. BARNHART.

### No. 31902. Oct. 30, 1945.

*162 P. 2d 1021.*

A. H. Ferguson, of Durant, and Joe G. Ralls, of Atoka, for plaintiff in error.

Roy B. David, of Durant, for defendants in error.

HURST, V. C. J. This case involves two revivorship proceedings.

M. J. Richardson sued C. H. Barnhart and Katie Barnhart, his wife, to recover a money judgment and to foreclose a real estate mortgage. The defendants filed a cross-petition to recover a money judgment against the plaintiff, and recovered a joint money judgment on their cross-petition. On February 2, 1938, they caused an execution to be issued thereon. They permitted more than five years to elapse without issuing an alias execution, and the judgment thereby became dormant. On March 29, 1943, they filed a motion to revive the dormant judgment, but notice of hearing said motion was not served until October 30, 1943. In the meantime, and on August 30, 1943, C. H. Barnhart died. On December 13, 1943, Richardson filed a response to the motion to revive calling attention to the death of Barnhart. The motion to revive, filed March 29, 1943, was set for hearing for December 14, 1943, but on that date the court on Richardson's motion continued the hearing to January 11, 1944. On January 8. 1944, Mrs. Barnhart, for herself and as personal representative of her deceased husband, filed an answer to Richardson's response asking, in addition to the relief sought in the motion of March 29, 1943, that the judgment be revived on her behalf and as personal representative of her deceased husband. At the hearing on January 11, 1944, there was introduced in evidence proceedings of the county court showing the appointment of Katie Barnhart as special administratrix of her husband's estate made on that same day, and other evidence was introduced. The court took the matter under advisement, and on January 17, 1944, judgment was entered reviving the judgment in the name of Katie Barnhart as administratrix, overruling the motion of revivor of March 29, 1943, and refusing to revive it against Richardson by reason of dormancy caused by failure to timely issue an alias execution, but giving the judgment creditors permission to amend their motion so as to revive the judgment against Richardson because of failure to timely issue an alias execution.

An amended motion to revive was then filed. On January 19, 1945, the defendants caused a notice to be served by the sheriff upon Richardson's attor-

ney notifying him that the same would be heard on January 31, 1944. On January 24, 1944, the defendants caused said notice to be served personally upon Richardson by the sheriff of Sebastian county, Ark., and a return of service was made and filed. Richardson entered a special appearance and moved to quash the service of said notice. On January 31, 1944, the court permitted the judgment creditors to amend the return of service upon Richardson by attaching an affidavit of the sheriff showing service, and continued the hearing to February 1, 1944. On February 1, 1944, the matter came on to be heard, and the court overruled the motion to quash the service, also a motion of Richardson for a continuance, and heard the matter and entered an order of revivor. Richardson appeals, and makes two contentions, which we will dispose of in the order presented.

1. He first argues that there was not sufficient notice to give the court jurisdiction to revive the cause in favor of the administratrix of the estate of C. H. Barnhart, deceased. This has reference to the order of January 17th. However, the record discloses that Richardson appeared by his attorney at the hearing on January 11th, resulting in the order of the 17th, and made no objection to the jurisdiction of the court over his person and participated in the hearing and cross-examined witnesses. He thereby waived the notice and entered his general appearance. Van Curon v. King, 93 Okla. 1, 219 P. 337; Helms v. Bulington, 180 Okla. 390, 70 P. 2d 65.

2. He next argues that the service of the notice of revivor of the judgment against him for dormancy for failure to issue execution was insufficient. This has reference to the order of February 1st. He says that the service upon him personally outside the state was void because no affidavit to obtain such service was filed and because only six days was given him to appear and contest the revivorship. We think both objections to the service are answered against him by our recent decision in Shefts v. Oklahoma Company, 192 Okla. 483, 137 P. 2d 589. He also says that service of the notice of revivor upon the attorney for the party against whom revivor is sought is invalid. But, we have held to the contrary in Helms v. Bulington, above. It follows that no error was committed in overruling the motion to quash service of the notice.

Affirmed.

GIBSON, C. J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.